UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DIANA C. VALLE, et al.,

    *Plaintiffs*,

v.

ANTONIS KARAGOUNIS, et al.,

    *Defendants*.

Civil Action No. 1:19-cv-03764 (CJN)

**MEMORANDUM OPINION**

Several Plaintiffs brought this suit against Antonis Karagounis and two of his companies alleging racial discrimination and other claims arising out of Plaintiffs' visit to Karagounis's restaurant. *See generally* Compl., ECF No. 1. Discovery is in progress. Late in the evening on the deadline to amend pleadings or join additional parties under the Court's Scheduling Order, ECF No. 11, Plaintiffs filed an Amended Complaint, ECF No. 12. The new Complaint purported to join three named co-Plaintiffs who allegedly experienced similar treatment at the restaurant on other occasions: Melle Poyry Tibe, Aliyah Sullivan, and Dwayne Williams. *See generally* Am. Compl. Plaintiffs also attempted to join four "Jane Doe" co-Plaintiffs, women who accompanied Tibe on the night she visited the restaurant but whose names and contact information were unknown to Plaintiffs' Counsel as of the joinder deadline. *See id.* at 3.

Pending before the Court are Defendants' Motion to Strike the Amended Complaint and Dismiss the Claims Asserted by the "Jane Doe" Plaintiffs ("Mot. to Strike"), ECF No. 13, and Motion to Modify the Scheduling Order ("Scheduling Mot."), ECF No. 15. The Court strikes the Amended Complaint but denies the Scheduling Motion. The Court also denies Plaintiffs' Motion for Sanctions, ECF No. 14.

1

### I.  Background

Plaintiffs' original Complaint contained three counts:  (I) a violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, Compl. ¶¶ 56–62; (II) a violation of the D.C. Human Rights Act (DCHRA), D.C. Code § 2-1401.01 *et seq.*, Compl. ¶¶ 63–68; and (III) common-law false imprisonment, *id.* ¶¶ 69–76.  After Defendants answered, ECF No. 8, the Court ordered the Parties to meet and confer under Local Civil Rule 16.3 and to file a joint report that would, in part, propose a schedule to govern discovery.  *See* Min. Order of Feb. 21, 2020. The Parties filed their report and jointly proposed a schedule, *see* Joint Meet & Confer Statement, ECF No. 11, which the Court adopted, *see* Scheduling Order.  The Court's Order set May 15, 2020 as the "[d]eadline to [j]oin [a]dditional Parties or [a]mend [p]leadings."  *Id.* ¶ 3.

A few hours before that deadline passed, Plaintiffs filed their Amended Complaint, which purports to join several additional co-Plaintiffs and to add two new counts:  (IV) assault, Am. Compl. ¶¶ 150–57; and (V) intentional infliction of emotional distress, *id.* ¶¶ 158–67.  Plaintiffs did not move for the Court's leave to amend the Complaint under Federal Rule of Civil Procedure 15(a), nor did they indicate that they had obtained Defendants' consent to amend, *id.*

Defendants moved to strike the Amended Complaint, arguing that Plaintiffs had failed to comply with Rule 15.  Mot. to Strike ¶¶ 6–7.  Defendants also contend that Plaintiffs improperly joined the Jane Doe Plaintiffs, *id.* ¶¶ 8–11, and that the Amended Complaint fails to comply with the requirements for qualifying as a "verified" complaint under Local Civil Rule 5.1(f)(2) because it does not bear Plaintiffs' actual signatures but is instead signed electronically, Mot. to Strike ¶ 12.  While the Parties were briefing that motion, Defendants separately moved to amend the Court's Scheduling Order to accommodate the addition of the new Parties and claims and to permit extra time for discovery as to those individuals and issues, though they proposed no new schedule or details of their plans to enlarge discovery.  *See generally* Scheduling Mot.  In return,

Plaintiffs moved for Rule 11 sanctions against Defendants for filing frivolous motions. *See* Pls.' Resp. & Opp'n to Defs.' Mot. to Strike Am. Compl. and to Dismiss Claims Asserted by "Jane Doe" Pls. ("Pls.' Strike Opp'n") at 8–9, ECF No. 14.

## II.     Analysis

"Given their heavy case loads, district courts require the effective case management tools provided by [Federal Rule of Civil Procedure] 16." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Among those is the Scheduling Order, which gives the Court a means "to ensure that 'at some point the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (quoting Fed. R. Civ. P. 16(b), 1983 advisory committee's notes). Although the D.C. Circuit has never decided the question, several judges in this District and several circuit courts of appeals have held that when a scheduling order sets a deadline for amending the pleadings, the liberal standards of Federal Rule of Civil Procedure 15(a) apply to any motions to amend filed before the agreed-upon deadline. *See, e.g. Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008) (quoting *Nourison*, 535 F.3d at 298 (collecting circuit cases)); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143–44 (D.D.C. 2013); *Headfirst Baseball LLC v. Elwood*, 206 F. Supp. 3d 148, 154 (D.D.C. 2016). Once the deadline passes, however, a party seeking to amend the pleadings must satisfy the more stringent "good cause" standard of Rule 16(b)(4). *Lurie*, 589 F. Supp. 2d at 23.

No one here disputes that Rule 15 applies to Plaintiffs' Amended Complaint, which was filed by the date required by the Scheduling Order. *See generally* Am. Compl. The question is whether Rule 15 required Plaintiffs to obtain Defendants' affirmative consent to the amendment (or the Court's affirmative leave) before filing an amended complaint or whether Defendants (or the Court) impliedly consented by agreeing to the Scheduling Order's deadline. *See* Pls.' Strike Opp'n at 2–5. Plaintiffs argue that the Parties' agreement on a deadline for amending the

pleadings, which the Court then adopted in its Order, satisfied Rule 15(a)(2)'s requirement to obtain "the opposing party's written consent or the court's leave" to amend. *Id.* at 3.

But Plaintiffs cite no cases for the proposition that, by merely setting a deadline for amendments, the Court or the opposing Party somehow consented to *any* amendment Plaintiffs may have chosen to file by the deadline. Such a rule would deprive the Court of its duty to police proposed amendments for "bad faith or dilatory motive . . . , undue prejudice to the opposing party . . . , [or] futility." *Foman v. Davis*, 371 U.S. 178, 182 (1962). To be sure, when a Party moves to amend a pleading, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but the act of setting a deadline for amendments cannot serve *ex ante* as leave to amend in any way Plaintiffs see fit.

The Amended Complaint provides a fitting example of why either the opposing Party or the Court must have an opportunity examine the proposed amendment before it becomes effective and raise relevant objections. After all, the Amended Complaint purports to join four "Jane Doe" Plaintiffs who allegedly accompanied Tibe to Defendants' restaurant and experienced racial discrimination. *See* Am. Compl. at 3. The Amended Complaint provides no explanation as to why it does not use those Plaintiffs' real names. In their briefing, Plaintiffs explain that, as of the deadline, Plaintiffs' counsel "did not have all of [the Jane Does'] contact info and ID," so she instead used pseudonyms. Pls.' Strike Opp'n at 4.

Defendants object to the use of pseudonyms because if Plaintiffs' counsel does not know the Jane Does' names or contact information, she could not have possibly secured their consent to bring claims on their behalf. Mot. to Strike ¶ 9. This is not a class action lawsuit in which Plaintiffs attempt to represent a class that may not individually participate in the suit but that may nevertheless be bound by the judgment. *See* Fed. R. Civ. P. 23(a)(1) (permitting "representative

4

parties" to sue "on behalf of all members [of a class] only if . . . the class is so numerous that joinder of all members is impracticable.").

Moreover, this is not an instance in which some Plaintiffs seek to protect their identity through the use of pseudonyms, and Plaintiffs filed no motion for leave to proceed anonymously. *See, e.g.*, *In re U.S. Office of Pers. Mgmt. Data Sec. Breach Litig.*, 928 F.3d 42, 81 (D.C. Cir. 2019) (Williams, J., concurring in part) ("[E]ven though anonymous filing is an extraordinary break with precedent, . . . a district court has discretion to grant the rare dispensation of anonymity against the world." (internal quotations omitted)).  Plaintiffs cite 26 cases involving pseudonymous filings, but not a single decision stands for the proposition that an unknown Plaintiff may be joined to a lawsuit without her consent, with or without a pseudonym. *See* Pls.' Statement of P. & A. in Supp. of Pls.' Opp'n to Defs.' Mot. to Strike Am Compl. and to Dismiss Claims Asserted by "Jane Doe" Pls. at 2–3, ECF No. 14-1.  In fact, these decisions made clear why proceeding with pseudonyms is likely not appropriate here. *See, e.g.*, *Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d. 49, 62 (D.D.C. 2019) ("The rare dispensation of allowing parties to proceed pseudonymously is only justified in the critical case, or the unusual case, . . . includ[ing] those in which identification creates a risk of retaliatory physical or mental harm, those in which anonymity is necessary to preserve privacy in a matter of [a] sensitive and highly personal nature, and those in which the anonymous party would be compelled to admit criminal behavior or be subject to punishment by the state." (quoting *Qualls v. Rumsfeld*, 228 F.R.D. 8, 10–11 (D.D.C. 2005) (alterations in original))).[1]

---

[1] At least one of the citations is to a *per curiam* order in the D.C. Circuit permitting a plaintiff to use a pseudonym without any discussion of the law or facts involved in the case or the reason for concealing the plaintiff's identity.  *See In re Doe*, No. 18-5088, 2018 U.S. App. LEXIS 12398 (D.C. Cir. May 9, 2018).  Other decisions relied on by Plaintiffs have nothing to do with pseudonymous filings but rather mention the term "pseudonym" at least once somewhere in the

In response, Plaintiffs openly concede that they would have been willing to dismiss the Jane Doe Plaintiffs if only Defendants had asked.  *See* Pls.' Strike Opp'n at 5 ("Furthermore, had Defendant[s'] counsel afforded Plaintiffs' counsel the professional courtesy of transparent communication, instead of coy and oblique inquiry (of no urgency), Defendants' counsel would have known, *that Plaintiffs' counsel and named Plaintiffs would have consented to the dismissal of the Jane Does Plaintiffs (sic), after the filing of the Amended Complaint*.").  Of course, this sort of lapse in communication between the Parties is one of the things Rule 15(a) seeks to avoid by forcing the Parties to discuss whether Defendants consent to a proposed amendment .  If Plaintiffs had submitted a copy of the proposed Amended Complaint to Defendants before the May 15 deadline, as Rule 15 requires, the Parties would have had an opportunity to resolve the dispute before filing the Amended Complaint on the Court's docket.

Because the Court concludes that the Amended Complaint was improperly filed, the Court expresses no opinion on whether these Plaintiffs might be eligible to proceed pseudonymously or under their own names at some future point in this litigation.  The dispute is nevertheless helpful to demonstrate the benefits of conferring about a proposed amended complaint before filing it rather than assuming the opposing Party's consent.  For the same reasons, the Court declines to reach Defendants' arguments that Plaintiffs' signatures verifying the Amended Complaint failed to comply with the Local Civil Rules.

---

opinion.  *See, e.g.*, *United States v. Nwoye*, 663 F.3d 460, 462 (D.C. Cir. 2011) ("At Osuagwu's urging, Nwoye telephoned Iweala and asked him to speak with Osuagwu, who she introduced, using a pseudonym, as her 'cousin.'"); *United States v. Celis*, 608 F.3d 818, 832–34 (D.C. Cir. 2010) (upholding conviction over defendants' objection to district court's order permitting prosecution witnesses to testify under pseudonyms); *United States v. Smith*, No. 89-3176, 1990 U.S. App. LEXIS 21070 (D.C. Cir. Nov. 14, 1990) (per curiam) (affirming denial of sentencing reduction in part due to defendant's use of a pseudonym); *Ray v. Turner*, 587 F.2d 1187, 1198 (D.C. Cir. 1978) (reversing dismissal of FOIA lawsuit against CIA that involved, among other issues, a document that used a pseudonym for a member of the Intelligence Community).

### III.    Conclusion

Had Plaintiffs shared the proposed amendment with Defendants, they likely could have reached an agreement about joining some new Plaintiffs and adding extra claims.  If Defendants had refused to consent, Plaintiffs would have been within their right to seek the Court's leave, which the Court would have "freely given."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs instead waited until the last minute and then filed their amendment without either Defendants' consent or the Court's leave.  For that reason, the Court grants Defendants' Motion and strikes Plaintiffs' Amended Complaint without prejudice.  Plaintiffs' original Complaint remains operative.

Plaintiffs may seek leave to amend to add the additional counts and Plaintiffs, but to do so they must either show good cause for amending the Scheduling Order under Federal Rule of Civil Procedure 16(b) or seek an extension of the deadline to amend "because of excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B).  *See Cohen v. Bd. of Tr. of the Univ. of D.C.*, 819 F.3d 476, 479 (D.C. Cir. 2016).  It may be the case that Plaintiffs believed in good faith that Defendants had consented to the amendment or that the Court had in fact granted leave.  Whether that belief constitutes good cause or excusable neglect is a question for another day.

Because Defendants' Motion is meritorious, the Court denies Plaintiffs' Motion for Sanctions.  *See* Fed. R. Civ. P. 11(c).  The Court also denies Defendants' Motion to Amend the Scheduling Order.  That Motion sought additional time to depose the new Plaintiffs and investigate the new claims.  *See* Scheduling Mot. at 2–3.  Those concerns are moot in light of the Court's decision to strike the Amended Complaint in its entirety.  An Order will be entered contemporaneously with this Memorandum Opinion.

DATE:  July 16, 2020

_____
CARL J. NICHOLS
United States District Judge