## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DIANA C. VALLE, et al.,

      *Plaintiffs*,

    v.

ANTONIS KARAGOUNIS, et al.,

      *Defendants*.

Civil Action No. 1:19-cv-03764 (CJN)

## <u>MEMORANDUM OPINION</u>

Plaintiffs bring civil rights claims against a restaurant and its proprietors.  *See generally* Compl., ECF No. 1.  Upon Defendants' motion, the Court struck an earlier-filed Amended Complaint after concluding that Plaintiffs had failed to comply with Federal Rule of Civil Procedure 15(a).  *See generally Valle v. Karagounis*, No. 1:19-cv-03764, 2020 WL 4039306 (D.D.C. Jul. 16, 2020).  Plaintiffs now renew their motion for leave to amend under Federal Rules of Civil Procedure 6(b)(1)(B) and 16(b)(4).  *See generally* Pls.' Mot. for Leave to Amend Compl. and to Add Pls. and Add'l Counts ("Mot."), ECF No. 21; *see also* Pls.' Supp. Mot. for Leave to Amend Compl. and to Add Pls. and Add'l Counts ("Supp. Mot."), ECF No. 24.  For the reasons explained below, the Court grants leave to amend in part and denies it in part.

### I.      Background

The Court's previous Opinion on this matter provides the background surrounding Plaintiffs' earlier failed attempt to amend.  *See Valle*, 2020 WL 4039306 at *1.  As relevant here, after Defendants answered the Complaint, ECF No. 8, the Court ordered the Parties to meet and confer under Local Civil Rule 16.3, *see* Min. Order of Feb. 21, 2020.  The Parties jointly proposed a schedule for discovery, *see generally* Joint Meet & Confer Statement, ECF No. 10,

which the Court adopted in its Scheduling Order, ECF No. 11.  The Scheduling Order fixed May 15, 2020, as the "[d]eadline to [j]oin [a]dditional [p]arties or [a]mend [p]leadings." *Id.*

Plaintiffs attempted to file an Amended Complaint on that deadline without obtaining either Defendants' consent or leave of Court as required under Federal Rule of Civil Procedure 15(a).  *See generally* Pls.' Purported Am. Compl., ECF No. 12.  The pleading purported to add two new counts alleging common-law torts, three new named plaintiffs who allegedly experienced similar discrimination at Defendants' restaurant on separate occasions, and four "Jane Doe" plaintiffs who supposedly also experienced discrimination but whose identities were unknown to Plaintiffs' counsel and who had not consented to join the suit.  *See Valle*, 2020 WL 4039306 at *1.  Defendants moved to strike the new pleading for failure to comply with Rule 15 and to dismiss the Jane Doe Plaintiffs.  *See generally* Defs.' Mot. to Strike Am. Compl. and to Dismiss Claims Asserted by "Jane Doe" Pls., ECF No. 13.  The Court granted Defendants' motion and struck the pleading in its entirety but left open the possibility that Plaintiffs might renew their attempt to amend by "show[ing] good cause for amending the Scheduling Order under Federal Rule of Civil Procedure 16(b) or seek[ing] an extension of the deadline to amend 'because of excusable neglect' under [Rule] 6(b)(1)(B)." *Valle*, 2020 WL 4039306 at *4.

Plaintiffs have now attempted to do just that.  The original Complaint named four Plaintiffs (all of whom were allegedly present together in Defendants' restaurant on the same evening and who experienced the alleged discrimination) and contained three counts:  (I) discrimination under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a *et seq.*, Compl. ¶¶ 56–62; (II) discrimination under the D.C. Human Rights Act (DCHRA), D.C. Code § 2-1401.01 *et seq.*, Compl. ¶¶ 63–68; and (III) common-law false imprisonment, *id.* ¶¶ 69–76.  On August 7, 2020, Plaintiffs moved for leave to amend.  *See generally* Mot.  The proposed

Amended Complaint attempts to add the same seven new Plaintiffs, including two plaintiffs who allege that they experienced similar discrimination at the same restaurant together on a different date, *see* Proposed Am. Compl. at 4, ECF No. 21-6, one plaintiff (Melle Poyry Tibe) who alleges the same conduct on yet another occasion, *see id.* at 3, and four "Jane Doe" plaintiffs—Tibe's companions on the evening in question whose identities remain unknown and who have not, apparently, consented to participate in this suit, *see id.*  Moreover, the pleading contains new common-law claims for assault, *id.* ¶¶ 150–57, and intentional infliction of emotional distress, *id.* ¶¶ 158–67.

Just as briefing concluded on Plaintiffs' Motion, Plaintiffs filed yet another Motion, *see generally* Supp. Mot., which incorporates the arguments Plaintiffs made in their August 7 Motion but revises the Proposed Amended Complaint by dropping the "Jane Doe" plaintiffs, *see* Pls.' Rev. Proposed Am. Compl. at 1, ECF No. 24-1, and adding a common-law claim for slander *per se*, *id.* ¶¶ 150–59.  Defendants oppose both Motions.  *See generally* Defs.' Opp'n to Pls.' Mot. for Leave to File Am. Compl. ("Opp'n"), ECF No. 25; Defs.' Opp'n to Pls.' Supp. Mot. for Leave to File Am. Compl. and to Add Add'l Parties & Counts ("Supp. Opp'n"), ECF No. 27.

## II.     Analysis

Taken together, the Motions pose the following questions at the outset:  whether Plaintiffs have shown good cause to modify the Scheduling Order to amend their Complaint, Fed. R. Civ. P. 16(b)(4); or, alternatively, whether to amend the Scheduling Order to extend the time for moving for leave to amend pleadings because of Plaintiffs' "excusable neglect," Fed. R. Civ. P. 6(b)(1)(B).  If Plaintiffs prevail on either of those questions, the Court must determine whether to grant leave to add the new plaintiffs and claims.

### A.    Good Cause

As the Court noted in its prior Opinion, because Plaintiffs failed to move for leave to amend by the deadline under Rule 15(a)'s more liberal standard, they must instead "satisfy the more stringent 'good cause' standard of Rule 16(b)(4)." *Valle*, 2020 WL 4039306 at *2. "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission." *Lurie v. Mid-Atl. Permanente Med. Grp., P.C.*, 589 F. Supp. 2d 21, 23 (D.D.C. 2008) (internal quotation omitted). "[T]he Court's inquiry must focus on the reasons the plaintiff[s have] given for [their] delay instead of the substance of the proposed amendment." *Id.* "Rule 16(b)'s 'good cause' standard emphasizes the diligence of the party seeking the amendment. Prejudice to the opposing party remains relevant but is not the dominant criterion. Indifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause." *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004) (internal quotations and citations omitted).[1] The decision to permit late amendment is entrusted to the Court's discretion. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

The Parties go to great lengths to debate how far in advance Plaintiffs' counsel was aware of the existence of the additional parties and claims, when she obtained the new plaintiffs' consent to participate in the case, and whether judicial economy would be better served by

---

[1] Plaintiffs incorrectly argue that "Defendants bear the burden of demonstrating why leave for Plaintiffs[] to file their Amended Complaint[] should not be granted." Mot. at 2 (citing *LaPrade v. Abramson*, No. 97-cv-10, 2006 WL 3469532, at *3 (D.D.C. Nov. 29, 2006)). *LaPrade* dealt with the liberal amendment standards of Rule 15, not with Rule 16's good-cause standard. *See* 2006 WL 3469632 at *3 ("Motions to amend are governed by Rule 15(a)"). Under Rule 16, the burden is on Plaintiffs to show good cause for their failure to amend before the deadline. *See Lurie*, 589 F. Supp. 2d at 23–24 ("The plaintiff's explanation falls woefully short of the 'good cause' required for allowing a plaintiff to amend a complaint under Rule 16(b).").

joining the claims together or pursuing parallel litigation.  *See* Mot. at 2–12, 21–24; Opp'n at 3–5, 6–8.  Those arguments are all relevant, but they miss the narrow issue before the Court.  This is not an instance in which Plaintiffs waited months or years beyond the deadline to locate additional parties or raise new legal theories; Plaintiffs attempted to amend by the Court-imposed deadline but simply failed to comply with the applicable rules.  The relevant inquiry is therefore not whether Plaintiffs' counsel was diligent in preparing her amendment in the time leading up to the deadline but rather whether Plaintiffs have shown good cause for the short delay that resulted from the Court's striking of the attempted amendment.  Indeed, the Court has already stated that it would have "freely given" leave to amend (at least in part) if Plaintiffs had only moved for leave on time, even if Defendants had not consented to the amendment.  *Valle*, 2020 WL 4039306 at *4 (quoting Fed. R. Civ. P. 15(a)(2)).

At bottom, it appears that Plaintiffs' counsel simply misunderstood exactly what the Parties had agreed to when they proposed the May 15 deadline for amending pleadings in their Joint Meet & Confer Statement.  Plaintiffs aver that they had already notified Defendants of the additional parties and claims and their intent to amend the Complaint by the deadline.  *See* Mot. at 7.  Because Defendants did not communicate any objection at that time, Plaintiffs' counsel assumed that Defendants' generic agreement to permit amendments by May 15 included an agreement to consent to the specific additional parties and claims without first examining the amended pleading.  *See* Mot. at 20–21 (citing *Warren v. Thompson*, 224 F.R.D. 236, 238–39 (D.D.C. 2004)).  Defendants did not understand that to be the case; they seem to have assumed that setting a deadline to amend pleadings meant that the Parties must *move for leave to amend* by that date and they did not intend to waive their right to oppose the contents of any particular amendment.  Opp'n at 8–10.  To be sure, Plaintiffs' understanding was incorrect and at odds

with Federal Rule of Civil Procedure 15(a)(2), *see Valle*, 2020 WL 4039306 at *2, but a generic deadline requiring the Parties "to [j]oin [a]dditional [p]arties or [a]mend pleadings" is susceptible to more than one reasonable interpretation, Scheduling Order at 1.

Moreover, the length of the delay was minimal; Plaintiffs moved for leave to amend only three weeks after the Court struck the earlier proposed pleading and fewer than three months after the original deadline. Much of that time was consumed by briefing on Defendants' Motion to Strike (five weeks, including a two-week period between Plaintiffs' filing and Defendants' Motion) and the Court's consideration of the Motion prior to ruling (four weeks)—all outside Plaintiffs' control. This is not an instance in which a plaintiff attempts to amend pleadings months or years after the deadline has passed and discovery is complete. *See, e.g.*, *Lurie*, 589 F. Supp. 2d at 24 ("[T]he motion for leave to file an amended complaint was filed almost a year after the Court's deadline, two years after the defendant's answer, and two weeks after the close of discovery."); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 143 (D.D.C. 2013) ("Defendant filed the current motion to amend its answer after the close of discovery . . . and almost two years after the court's deadline for filing an amended answer.").

Even if the moving party has been diligent, it "must also show that there is a lack of prejudice to the opposing party." *Headfirst Baseball LLC v. Elwood*, 206 F. Supp. 3d 148, 154 (D.D.C. 2016). Defendants' best argument is that permitting Plaintiffs to amend now would require the Court to issue a new Scheduling Order and would require the Parties to extend or adjust discovery. *See* Opp'n at 7–8. Defendants have already conducted two depositions and would be forced to schedule additional depositions, draft and file a new Answer, and exert resources researching the new claims and investigating the separate acts of alleged

discrimination against the new plaintiffs.  *Id.* (citing *In re Papst Licensing GmbH & Co. v. KG Litig.*, 762 F. Supp. 2d 56, 60 (D.D.C. 2011)).

The case on which Defendants rely, however, demonstrates why there is no meaningful prejudice here.  In *Papst*, the Court entered a scheduling order on April 8, 2008, that required the parties to amend their pleadings by June 25, 2008.  *Id.* at 58.  Discovery proceeded and was eventually stayed on November 13, 2008.  *Id.*  It was not until October 4, 2010—more than 27 months after the deadline—that plaintiff sought to add three new parties and several new claims.  *Id.* at 59.  The Court held that such a delay unduly prejudiced defendants and declined to permit the amendment.  *Id.* at 62.  The delay here bears little resemblance to the delay in *Papst*.

The Court therefore concludes that Plaintiffs have demonstrated good cause for amending the Scheduling Order under Federal Rule of Civil Procedure 16(b).  Because the Court grants Plaintiffs' Motion under Rule 16(b), it need not address the arguments under Rule 6, *see* Mot. at 25–27,[2] or whether Defendants impliedly consented to amendment under Rule 15, *see id.* at 19–21.  Notably, Defendants did not challenge the substance of Plaintiffs' Proposed Amended Complaint in their Opposition brief.  *See generally* Opp'n.

## B.    Plaintiffs' Revision

Shortly before Defendants filed their Reply brief on Plaintiffs' Motion for Leave to Amend, Plaintiffs filed a Supplemental Motion for Leave to Amend.  *See generally* Supp. Mot.

---

[2] Although the Court indicated in its prior Opinion that Plaintiffs might obtain leave to amend under either Rule 16's "good cause" standard or under the less stringent "excusable neglect" standard of Rule 6, some courts have suggested that Rule 6 does not apply in the context of motions for leave to amend pleadings after the deadline passes.  *See, e.g.*, *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused.")  Because the Court holds that Plaintiffs have carried Rule 16's tougher burden, it does not decide whether Rule 6 might alternatively apply.

Attached to the Supplemental Motion was what Plaintiffs styled a "Revised Proposed Amended Complaint," ECF No. 24-1.  That document largely mirrors the Proposed Amended Complaint Plaintiffs filed along with their Rule 16 Motion, but it contains a few notable changes:  it (1) drops the four Jane Doe Plaintiffs and (2) adds an additional count for slander *per se*.  *See* Rev. Proposed Am. Compl. ¶¶ 150–59.  Plaintiffs explain that their counsel was unaware of the basis for the slander accusation until Defendants deposed her clients, during which time they remembered for the first time that Defendants' employees allegedly threatened to call the police on them for stealing from the restaurant.  *See* Supp. Mot. at 3–4.

Defendants oppose granting Plaintiffs leave to amend yet again.  *See generally* Supp. Opp'n.  Much of Defendants' Opposition brief appears to rehash issues already discussed in the first round of briefing and therefore seems irrelevant to the narrow question of whether to permit Plaintiffs to drop the Jane Does and to add the slander count.  *See generally id.; see also* Pls.' Reply to and Mot. to Strike Defs.' Opp'n to Pls.' Supp. Mot. for Leave to Amend Compl. to Add Pls. and Add'l Counts ("Supp. Reply") at 2, ECF No. 29.[3]  In fact, Defendants do not seem to oppose dropping the Jane Doe Plaintiffs at all—an issue the Court discussed in its prior Opinion.  *See* 2020 WL 4039306 at \*2–3.  Defendants do argue, however, that the new slander count is time-barred by the District of Columbia's one-year statute of limitations.  *See* Supp. Opp'n at 7–8 (citing D.C. Code. § 12-301(4)).  Defendants also cursorily argue that the slander claims do not relate back to Plaintiffs' original pleading under Federal Rule of Civil Procedure 15(c).  *See* Supp. Opp'n at 8.

---

[3] Plaintiffs included in their Reply brief a Motion to Strike the portions of Defendants' Opposition brief that were not directly responsive to the contents of Plaintiffs' Supplemental Motion.  *See* Supp. Reply at 2.  The Court does not consider those portions of Defendants' Opposition brief that do not address the narrow issues presented in Plaintiffs' Supplemental Motion, so Plaintiffs' Motion to Strike is moot.

Plaintiffs, in turn, point out that Defendants' analysis of the issue of relation back was indeed cursory. *See* Supp. Reply at 5–6. Plaintiffs fail, however, to give any counterargument:

> Finally, Defendants argue that Plaintiffs' claim of slander *per se* is time barred. Notably in addressing the issue of the doctrine of "relation back" under Rule 15, Defendants' counsel provides no case law to support Defendant (sic) position. While Defendants' counsel may regret asking the questions (and badgering Plaintiffs Plazas and Gasca LeBaigue) during Plaintiffs' deposition that elicited the facts upon which the claim for slander *per se* is soundly based, the claim is not barred simply because Defendants[] and Defendants' counsel wish or say it is so.
>
> Ultimately, Defendants' arguments elude reason, and the paucity of the law and case precedents in support thereof, demonstrates Defendants' continued effort to deflect from the merits of Plaintiffs' case, and the despicable and unlawful discriminatory "policy" and practices Defendant[s] impose upon minority customers.

*Id.* Plaintiffs' brief discussion is full of conclusory allegations but devoid of any explanation as to why the slander claim is timely.

Plaintiffs' proposed claim for slander *per se* does appear to be time-barred. "[A]n amendment adding a new ground for relief to the complaint must contend with the applicable statute of limitations." *Jones v. Bernanke*, 557 F.3d 670, 674 (D.C. Cir. 2009). District of Columbia law imposes a one-year statute of limitations for allegations of slander. D.C. Code § 12-301(4). The Revised Proposed Amended Complaint alleges that Plaintiffs Valle, Gasca, Gasca LeBaigue, and Plazas visited Defendants' restaurant on January 5, 2019, Rev. Proposed Am. Compl. ¶ 21, and that Defendants' employees falsely accused them of stealing from the restaurant and threatened to call the police—all within the hearing of the restaurant's other patrons and passers-by on the sidewalk, *id.* ¶¶ 151–52. Plaintiffs did not bring their slander claim until August 19, 2020—more than nineteen months after the alleged incident—so the statute of limitations bars the new count on its face.

But "[i]n limited circumstances, Rule 15(c) saves an otherwise untimely amendment by deeming it to 'relate back' to the timely-filed claims the plaintiff alleged in the original complaint." *Jones*, 557 F.3d at 674 (quoting Fed. R. Civ. P. 15(c)). "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "[R]elation back is improper when the amended claim 'asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Jones*, 557 F.3d at 674 (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). To be sure, it is conceivable that the Plaintiffs' slander allegations relate back to their original allegations of civil rights violations and false imprisonment. Plaintiffs make no such argument, however, *see* Supp. Reply at 5–6, and so have conceded Defendants' argument, *see Canen v. Wells Fargo Bank, N.A.*, 118 F. Supp. 3d 164, 167 (D.D.C. 2015). The Court need not reach any of the other arguments in Defendants' Opposition.

### III.     Conclusion

Plaintiffs have shown good cause for amending the Complaint under Federal Rule of Civil Procedure 16. The Court therefore deems the Revised Proposed Amended Complaint filed. However, because the proposed Count IV is time-barred under D.C. law, the Court strikes that portion of the Revised Proposed Amended Complaint as futile.

DATE:  September 11, 2020

CARL J. NICHOLS
United States District Judge