UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Case No. 1:19-cv-03764-CJN

DIANA C. VALLE, *et al.*,

*Plaintiffs*

v.

ANTONIS KARAGOUNIS, *et al.*,

*Defendants*

PLAINTIFFS' OPPOSITION TO DEFENDANTS' AMENDED STATEMENT OF
POINTS & AUTHORITIES IN   SUPPORT OF DEFENDANTS'MOTION FOR
SUMMARY JUDGMENTON CLAIMS ASSERTED BY PLAINTIFFS ALIYAH SULLIVAN
AND DWAYNE WILLIAMS

Claudette V. Ferron, Esquire
Iron Rock Law
1101 30th Street, NW
Suite 500
Washington, DC 20007
Telephone: (202) 827-7437
Fax: (844) 344-8744
Email:  cvferron@ironrocklaw.com
*Attorney for Plaintiffs*

## INDEX OF EXHIBITS

**EXHIBIT NO**

1. Plaintiffs' Exhibit No. 1 - Affidavit of Dwayne Williams

    Defendants' Exhibit Nos. 2, 3, 4, and 5 are adopted and incorporated herein by reference:

    (Defendants' No. 2) Plaintiff Aliyah Sullivan Deposition Transcript

    (Defendants' No. 3) Plaintiff Dwayne Williams Deposition Transcript

    (Defendants' No. 4) Plaintiff Dwayne Williams Answers to Interrogatories

    (Defendants' No. 5) Plaintiff Aliyah Sullivan Answers to Interrogatories

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DIANA C. VALLE, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No.: 1:19-cv-03764-CJN |
| ANTONIS KARAGOUNIS, GOVERNOR, *et al.*, | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*

**<u>PLAINTIFFS' OPPOSITION TO DEFENDANTS' AMENDED   STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CLAIMS ASSERTED BY PLAINTIFFS ALIYAH SULLIVAN AND DWAYNE WILLIAMS</u>**

 **PLAINTIFFS DIANA C. VALLE, NECTY GASCA, CLAUDIA I. GASCA LEBAIGUE, ALEJANDRA PLAZAS, MELLE POYRY TIBE, ALEXIS SPENCE, ALIYAH Y. SULLIVAN,** and **DWAYNE A. WILLIAMS** by and through their undersigned counsel, hereby submit the following Statement of Points and Authorities in OPPOSITION to Defendants' Motion for Summary Judgment with respect to all claim asserted by **Plaintiffs, Aliyah Y. Sullivan And Dwayne A. Williams.** Further, PLAINTIFFS ALIYAH Y. SULLIVAN AND DWAYNE WILLIAMS **adopt and incorporate by reference Exhibits Nos. 2, 3,4, and 5** of Defendants' Amended Statement of Points and Authorities in Support of Defendants' Motion for Summary Judgment on Claims Asserted by Plaintiffs Aliyah Y. Sullivan And Dwayne A. Williams.

3

Additionally, Plaintiffs' Sullivan and Williams adopt and incorporate herein by reference the Plaintiffs' Diana C. Valle, Necty Gasca, Claudia Gasca-LeBaigue and Alejandra Plazas Statement of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment, filed concurrently herewith.

## I.  INTRODUCTION

As stated above, PLAINTIFFS ALIYAH Y. SULLIVAN AND DWAYNE A. WILLIAMS **incorporate by reference the Introduction o**utlined in Plaintiffs' Diana C. Valle, Necty Gasca, Claudia Gasca-LeBaigue and Alejandra Plazas Statement of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment Asserted by Plaintiffs' Diana C. Valle, Necty Gasca, Claudia Gasca-LeBaigue And Alejandra Plazas. Plaintiffs further state, that in viewing the events involving the Plaintiffs – **Sullivan and Williams** - in the light most favorable to Plaintiffs, it is clear that the factual record supports Plaintiffs' tort claims for Assault, Intentional Infliction of Emotional Distress, and violation of Title *II of the Civil Rights Act of 1964 (as amended), DCHRA.* Therefore, Defendants are NOT ENTITLED to summary judgment on any claims.

## II.  USE OF AFFIDAVITS IN MOTION SUMMARY JUDGMENT

Plaintiffs herein adopt and incorporate by reference Plaintiffs' Diana C. Valle, Necty Gasca, Claudia Gasca-LeBaigue and Alejandra Plazas Statement of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment, Section "II USE OF AFFIDAVITS IN MOTION SUMMARY JUDGMENT." Nevertheless, Plaintiffs' have *included Affidavit of Dwayne Williams (**Plaintiffs' Exh. No.1**),* disputing the assertions contained in Affidavit of Joseph Aguilar, regarding Plaintiff claims herein.

## III.  STATEMENT OF "UNDISPUTED" MATERIAL FACTS

As is evident from the entirety of the factual record filed with Defendants' motion, contrary to Defendants' assertion, every material fact in this case is disputed. As discussed above, to the

extent that Defendants' "Statement of Undisputed Material Facts," Paragraphs/Assertions 1-66 are based on the un-cross-examined self-serving statements in Defendants' Exhibit No. Ex. 1, Joseph Aguilar Affidavit, they are evidentiarily insufficient to support Defendants' motion for summary.

Further, to the extent that Defendants' "Statement of Undisputed Material Facts," Paragraphs/Assertions 1-66 <u>are the **exact** Deposition testimony</u> of Plaintiffs Aliyah Y Sullivan and Dwayne Williams, Plaintiffs adopt and incorporate herein said testimony. Further, because Defendants' have chosen to include the entire Deposition testimony of Plaintiffs Sullivan and Williams, Plaintiffs adopt and incorporate by reference herein the entire Deposition Testimony/Transcript of Plaintiffs Aliyah Y. Sullivan and Dwayne Williams. Plaintiffs' Deposition testimony/transcripts speak for themselves and require no repetition here.

### IV.  <u>STANDARD OF REVIEW</u>

As stated above, PLAINTIFFS ALIYAH Y. SULLIVAN AND DWAYNE WILLIAMS adopt and incorporate by reference, **Section IV.  Standard of Review,** outlined in Plaintiffs' Diana C. Valle, Necty Gasca, Claudia Gasca-LeBaigue And Alejandra Plazas Statement of Points and Authorities in Opposition to Defendants' Motion For Summary Judgment, filed concurrently herewith.

### V.  <u>ARGUMENT</u>

A. **The disputed material facts in this case clearly satisfy the requirements of a *prima facie* on Plaintiffs' claims** under <u>**Title II**</u> of the <u>**Civil Rights Act of 1964**</u> and **the DC Human Rights Act**

Plaintiffs ALIYAH Y. SULLIVAN  AND DWAYNE WILLIAMS  adopt and incorporate by reference the <u>Section V. Argument</u> of  Plaintiffs" Diana C. Valle, Necty Gasca, Claudia I. Gasca LeBaigue, Alejandra Plazas, Statement of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment **(**filed concurrently herewith)  with respect to argument

establishing that as a matter of law Defendants are NOT entitled to summary judgment on their claims under **Title II** of the **Civil Rights Act of 1964** and the DC Human Rights Act.

Further, Plaintiffs ALIYAH Y. SULLIVAN AND DWAYNE WILLIAMS adopt and incorporate by reference the Section V. Argument of Plaintiffs" Melle Poyry Tibe and Alexis Spence, Statement of Points and Authorities in Opposition to Defendants' Motion for Summary Judgment **(**filed concurrently herewith) with specific reference to their argument regarding Tibe and Spence's observations of a group Caucasian customers paying for their meal at the end of their meal, as evidence of disparate treatment and probative of all Plaintiffs' claims of discrimination. Plaintiffs Sullivan and Williams were aware Plaintiff Tibe and Spence's experience with Defendants at the time of filing their Claims, and they were also aware of Plaintiffs' Valle, Gasca, Gasca LeBaigue and Plazas experiences Defendants. Defendant unlawful discrimination against the other Plaintiff in this lawsuit, occurred prior to Plaintiffs Sullivan and William incident on November 3, 2019. Plaintiffs' knowledge of other Plaintiff's victimization and discrimination more than satisfies the requirement that a reasonable jury could conclude that they suffered intentional discrimination claims and establishes that as a matter of law Defendants are NOT entitled to summary judgment on their claims under **Title II of the Civil Rights Act of 1964** and the DC Human Rights Act.

> **B. The disputed material facts in this case clearly satisfy the requirements of a *prima facie* claim for Assault with respect to Plaintiffs' Aliyah Sullivan and Dwayne Williams.**

Plaintiff Aliyah Y. Sullivan and Dwayne Williams Spence adopt and incorporate by reference Section V. Argument of Plaintiffs" Diana C. Valle, Necty Gasca, Claudia I. Gasca LeBaigue, Alejandra Plazas, Statement of Points and Authorities in Opposition to Defendants'

Motion For Summary Judgment (filed concurrently herewith) with respect their argument that as a matter of law Defendants are NOT entitled to summary judgment on their claims for assault. With respect to the is of apprehension unwanted contact, both Plaintiff Sullivan provided deposition testimony. See, *Defendants Exhibit No. 2, Depo of Sullivan at pp.78, Defendant Exhibit No. 3, Depo of Williams at pp. 36-4 and Defendants' Exhibit No. 4, Williams ATI No. 20.*

Moreover, in attempting to refute Plaintiffs' claims of assault, Defendants conveniently avoid the fact that Plaintiff Williams in a large stature, young Black man living in America, during the explosion of the unwarranted and unprovoked assault *and murder* of young Black men by "security personnel."   Add to this the specter of the potential of wrongdoing, not matter how minor, and every young Black man in America, in Plaintiffs' situation at Defendants restaurant Rewind, would suffer great apprehension and expectation of grievous bodily harm up to and including unprovoked and unjustified murder. Moreover, given the totality of the circumstances and the averments of Plaintiffs herein, a jury could easily and reasonably find that Plaintiffs were in great apprehension of assault by Defendants staff and any law enforcement personal called to the scene. It is as a result of this apprehension that Plaintiff quickly paid for the food, they weren't given time to eat and promptly left the Defendant establish, lest they become the next CNN "Innocent Black Man Murdered headline! Perhaps if Defendants and their counsel had had some diversity and racial sensitivity training, they would have seen the "stone" deafness and error of their argument. As such, Defendants are NOT entitled to summary judgment as a matter of law on Plaintiffs' claims for alleged Assault.

### C. The disputed facts are sufficient as a matter of law to support Plaintiffs' claim for Intentional Infliction of Emotional Distress and withstand summary Judgment

Plaintiff Aliyah Y. Sullivan and Dwayne Williams Spence adopt and incorporate by reference Section V. Argument of Plaintiffs" Diana C. Valle, Necty Gasca, Claudia I. Gasca LeBaigue, Alejandra Plazas, Statement Of Points And Authorities In Opposition To Defendants' Motion For Summary Judgment (filed concurrently herewith) with respect their argument that as a matter of law Defendants are NOT entitled to summary judgment on their claims for Intentional Infliction of Emotional Distress ("IIED"),   See, *Defendants Exhibit No. 2, Depo of Sullivan at pp.78, Defendant Exhibit No. 3, Depo of Williams at pp. 36-41 and Defendants' Exhibit No. 4, Williams ATI No. 20.*

Plaintiffs' descriptions of their alleged emotional distress include suffering from PTSD and anxiety, in addition to public humiliation and embarrassment. Plaintiffs' also suffered damage to their relationship as a result of conflict regarding how the discriminatory action of Defendants were handled by Plaintiffs, ultimately resulting in the termination of their relationship.  *See, Defendants Exhibit No. 2, Depo of Sullivan at pp.69-70,74, Defendants' Exhibit No. 3, Depo of Williams at pp. 36-41, and Defendants' Exhibit No. 4, Williams ATI No. 20.* There is no requirement that Plaintiffs seek medical or psychological care for their injuries at this juncture in the litigations and the record regarding Plaintiffs' claims of Intentional Infliction of Emotional Distress are sufficient to defeat Defendants' motion for Summary judgment and require adjudication before a jury at a trial. Thus, as a matter of law, Defendants are NOT entitled to SUMMARY judgment, on Plaintiffs' claims of Intentional Infliction of Emotional Distress.

### IV.  CONCLUSION

For the reasons set forth in Plaintiffs Opposition to Defendants' Motion for Summary Judgment and herein, Plaintiffs, Aliyah Y. Sullivan and Dwayne A. Williams, request that this Court DENY Defendants Rewind by Decades, LLC, Antonis Karagounis, and Panorama

Productions motion, set this matter for trial and award them such other and further relief as deemed fair and reasonable under the circumstances for having to oppose Defendants' baseless and futile motion

                    Respectfully submitted,

                    */s/Claudette V. Ferron*
                    Claudette V. Ferron, Esquire
                    Iron Rock Law
                    1101 30th Street, NW
                    Suite 500
                    Washington, DC 20007
                    Telephone: (202) 827-7437
                    Fax: (844) 344-8744
                    Email:  cvferron@ironrocklaw.com
                    *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of November October 2022, a copy of the foregoing Plaintiffs' Opposition to Defendants' Amended Statement of Points and Authorities in Support of Defendants' Motion for Summary Judgment as to Plaintiffs Sullivan and Williams was served electronically through CM/ECF to:

                    */s/ R. Scott Krause*
                    R. Scott Krause, DC Bar #992709
                    Lewis, Brisbois, Bisgaard & Smith, LLP
                    100 Light Street, Suite 1300
                    Baltimore, Maryland 21202
                    Telephone: 410-525-6397
                    Fax: 410-779-3910
                    Email: *Scott.Krause@lewisbrisbois.com*
                    *Counsel for Defendants*

                    */s/Claudette V. Ferron*
                    Claudette V. Ferron, DC Bar No. 383351